IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC., et al., ) | No. CV-F-04-5844 REC DLB |
| ) | |
| Plaintiffs, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART CROSS |
| vs. ) | MOTIONS FOR SUMMARY |
| ) | JUDGMENT. |
| UNITED STATES DEPARTMENT OF ) | |
| OF AGRICULTURE, ) | (Docs. 6, 25) |
| ) | |
| Defendant. ) | |
| ) | |

On October 4, 2004, and February 7, 2005, the Court heard, respectively, Plaintiffs' and Defendant's motions for summary judgment. Upon due consideration of the written and oral arguments of the parties and the record herein, the Court resolves the motions as set forth below.

**I.  Factual Background**

Plaintiffs ("Lion Raisins") are a California Corporation, Lion Raisins, Inc., that produces and packs raisins, and four individuals - Al Lion Jr., Dan Lion, Jeff Lion, and Bruce Lion - who participate in the management of the corporation.

On August 26, 1997, Lion Raisins allegedly forged or altered

1

1  an inspection certificate from the United States Department of
2  Agriculture ("USDA") which they sent to a client.  On October 11,
3  2002, the USDA's Agricultural Marketing Service ("AMS") filed a
4  complaint with the Secretary of Agriculture against Lion Raisins
5  for the alleged forgery (the "AMS Complaint").  AR 1.  The
6  Hearing Clerk served Lion Raisins[1] with the AMS Complaint, the
7  Rules of Practice and the Hearing Clerk's service letter dated
8  October 11, 2002.  AR 1-2.

     The clerk's service letter stated that Lion Raisins had 20
10 days to file a written answer to the AMS Complaint and that
11 failure to file an answer or filing an incomplete answer would
12 constitute an admission of the allegations in the AMS Complaint
13 and the waiver of a hearing.  AR 2.  The AMS Complaint also
14 indicated that the Rules of Practice applied and that failure to
15 file an answer would result in waiver of a hearing.  AR 1.

16      On October 28, 2002, Lion Raisins filed a motion to extend
17 the time in which to file an answer to the AMS Complaint.  AMS
18 did not oppose the request.  The Chief Administrative Law Judge
19 granted the motion and gave Lion Raisins until December 24, 2002
20 to file its answer.  AR 8.

21      On December 20, 2002, Lion Raisins filed a motion to dismiss
22 the AMS Complaint.  AR 9.  The two-page motion argued that the
23 AMS Complaint was barred by a five-year statute of limitations.
24 On December 26, 2002, AMS moved for a decision upon admission of

---

[1] Each of the individuals as well as the corporation were served between October 22, 2002 and November 5, 2002.

2

facts by reason of default on the grounds that Lion Raisins did not file an answer before December 24, 2002, as required by the Rules of Practice.  AR 11.  Entry of default would result in Lion Raisins' debarment from receiving USDA inspection services for, according to the proposed decision, a period of one year.

On January 8, 2003, Lion Raisins filed its objection to AMS's motion for default.  AR 14.  Lion Raisins argued that the motion to dismiss constituted a timely response to the AMS Complaint.  On February 12, 2003, Lion Raisins filed a request to file an answer to the AMS Complaint.  Lion Raisins argued that the Federal Rules of Civil Procedure permit a motion to dismiss in lieu of an answer and that AMS would not be prejudiced by the late filing because it knew through other litigation that Lion Raisins denied the allegations in the AMS Complaint.  AR 14.

On November 28, 2003, the Administrative Law Judge ("ALJ") denied AMS's motion for default and issued an order to show cause why the case should not be dismissed based on the statute of limitations issue.  The ALJ stated that "Respondents [Lion Raisins] were in default only because their timely filing was a Motion to Dismiss, rather than an Answer to the Complaint" and that Lion Raisins cured the default when it filed its Answer to the AMS Complaint.  AR 29 at 1 n.1.

AMS appealed the ALJ's decision to the USDA's Judicial Officer ("JO").  AMS argued that Lion Raisins' failure to file an answer within the time allotted should have resulted in a default and that the motion to dismiss was insufficient.

3

1    On February 9, 2004, the JO issued his order. The JO agreed with the ALJ to the extent that Lion Raisins was in default because it filed a motion to dismiss rather than an answer, but reversed the ALJ because, under the Rules of Practice, the filing of the late answer did not, as the ALJ held, "cure" the default. Rather, the failure to file an answer constitutes an "admission of the allegations in the Complaint and constitutes a waiver of hearing." AR 42 at 11. The JO remanded the case to the ALJ for a "decision in accordance with the Rules of Practice."

On remand, the ALJ stated that she had erred in determining that Lion Raisins "cured" the default when it submitted its late answer, but again denied the default. The ALJ ruled instead that Lion Raisins' objections to AMS's motion for default were "'meritorious' within the meaning of 7 C.F.R. § 1.139, even though mistaken." AR 50 at 2. The ALJ's reasons included:

- Neither Respondents' counsel's mistakes nor my errors should be permitted to deprive Respondents of a fair hearing on the merits. It would be unjust for Respondents to suffer such a disproportionately harsh consequence as debarment without an opportunity for a hearing, just because their lawyer chose to file a preliminary motion, a motion to dismiss, as their response, a procedure that is not effective under the Rules of Practice. It likewise would be unjust for Respondents to suffer debarment without an opportunity for a hearing, just because I erred in failing to apply the Rules of Practice.

- Respondents have been and continue to be defending vigorously against the allegations in Docket No. I & G 01-0001 and in the within proceeding, and it is ludicrous to contemplate that they would default. . . .

- Respondents' response to the Complaint was timely

4

    filed, even though it was a Motion to Dismiss
    instead of an answer.

- Respondents' Motion to Dismiss, even while mistaken, raises a statute of limitations issue, which, even if not actionable under the Rules of Practice, is the type of jurisdictional issue that I prefer be brought to my attention at the beginning of a case. A judge needs to determine his authority to take action.

- Respondents' objections to Complainant's motion for the adoption of a default decision, even though mistaken, were timely filed.

- Respondents did not fail to file their answer. *See* 7 C.F.R. § 1.139, the first sentence. Respondents filed their answer 50 days late, on February 12, 2003. . . .

AR 50 at 4. The ALJ also found, based on these reasons, that there was good cause to grant Lion Raisins' request to file its late answer. Id. at 5.

  AMS again appealed and on May 24, 2004, the JO issued the final order. The JO reversed the ALJ's February 27, 2004 decision, finding that "the ALJ erroneously found Respondents' objection meritorious" because the Rules of Practice specifically "state the time within which an answer must be filed and the consequences of failing to file a timely answer." AR 59 at 14. The JO issued a Decision and Order which held that Lion Raisins' failure to file an answer was an admission of the allegations in the complaint and constituted a waiver of a hearing under the Rules of Practice. AR 59 at 19.

  The JO further held that application of the default provisions of the Rules of Practice was consistent with Lion Raisins' Fifth Amendment due process rights and ordered that

5

"Respondents, their agents, officers, subsidiaries, and affiliates, directly or indirectly through any corporate or other device are debarred for 1 year from receiving inspection services under the Agricultural Marketing Act."  AR 59 at 20.

## II. Procedural History

Lion Raisins filed its Complaint for review of a final agency action on June 15, 2004.  The USDA is named as Defendant, and the Complaint alleges eleven separate causes of action, summarized below:

**1- Violation of the Administrative Procedures Act.** Lion Raisins alleges that the JO's decision ordering the default and debarment was arbitrary, capricious and an abuse of discretion and/or otherwise not in accordance with the law.

**2- Violation of Due Process.**  Lion Raisins alleges that the JO violated Lion Raisins' due process rights in entering the default despite the filing of the motion to dismiss, the filing of the late answer and the ALJ's decision allowing the late answer to be filed.

**3- Lack of jurisdiction of the USDA.**  Lion Raisins alleges that because the underlying action was barred by the statute of limitations, the USDA was without jurisdiction to debar Lion Raisins.

**4- Debarment is an improper penalty.**  Lion Raisins alleges that debarment is not authorized under the Agricultural Marketing Act of 1946.

**5- Debarment is an improper penalty.**  Lion Raisins alleges that the 1946 Act does not permit debarment from inspections that are mandatory under the Raisin Marketing Order.

**6- Violation of Due Process.**  Lion Raisins alleges that the period of debarment was more onerous that the relief requested in the USDA complaint.

**7- The JO lacked authority to debar Lion Raisins.** As far as the Court can discern, this claim is identical to claim five.

6

**8- Eighth Amendment Violation.**  Lion Raisins alleges that the debarment order runs afoul of the Eighth Amendment's cruel and unusual punishment and/or excessive fines provision.

**9- Debarment cannot occur as to incoming inspections.**  Lion Raisins alleges that because the alleged falsification took place in outgoing inspections, debarment of inspections relating to incoming raisins is arbitrary and capricious.

**10- The integrity of the USDA inspection system has been remedied.**  Lion Raisins alleges that, because the USDA has altered its inspection certificate process since the alleged falsification, debarment is not necessary to protect the integrity of the system.

**11- Injunctive relief.**  Lion Raisins seeks to enjoin the USDA from debarring Lion Raisins pending full and final review of the administrative decision.

The Complaint seeks declaratory and injunctive relief.

Lion Raisins filed a motion for partial summary judgment on the fourth and fifth causes of action only, arguing that summary adjudication in its favor on either of those claims would obviate the need for further proceedings.  USDA subsequently filed a motion for summary judgment as to claims one, two and six.  USDA asserts that the two motions dispose of all of claims, arguing that Claims 3 and 7-10 are derivative and that Claim 11 is moot.

**III.  Issues for Review**

Claim one states the two separate issues for review in this administrative decision.  The first issue is whether the entry of default was proper.  Claims two and three relate to this question.  The second issue, which need only be reached if the Court determines that the entry of default was proper, is whether the debarment was proper.  Claims four through ten relate to this

question. Claim eleven is moot because the JO stayed the debarment order pending review.

**IV. Legal Standard**

Summary judgment is appropriate when the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is particularly appropriate in cases involving the review of an administrative record. Adams v. United States, 318 F.2d 861, 865 (9th Cir. 1963).

The Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, sets forth the standard governing judicial review of decisions made by federal administrative agencies. Dickinson v. Zurko, 527 U.S. 150, 152, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999). Under the APA, a decision in a formal agency action may be set aside if it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Agency decisions may also be reversed if they are contrary to constitutional right, in excess of statutory jurisdiction, or without observation of required procedure. Id.

Review under the arbitrary and capricious standard is narrow and the reviewing court may not substitute its judgment for that of the agency. Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 376, 109 S. Ct. 1851, 104 L. Ed. 2d 377 (1989). An agency's findings of fact must be upheld if supported by substantial evidence and its conclusions of law are reviewed *de*

*novo*. Potato Sales Co. v. USDA, 92 F.3d 800, 803 (9th Cir. 1996). Also, while a JO is entitled to review an ALJ's determination, 7 C.F.R. § 557(b), a court is free to consider an ALJ's findings in determining whether the JO's decision was proper. Bosma v. USDA, 754 F.2d 804, 808 (9th Cir. 1984).

**V.  Propriety of the Default**

**A.  The Relevant Rules of Practice**

The Rules of Practice, 7, C.F.R. § 1.130 *et seq.*, apply to "[a]djudicatory proceedings under the regulations promulgated under the Agricultural Marketing act of 1946 (7 U.S.C. 1621 et seq.) for the denial or withdrawal of inspection, certification, or grading service."  7 C.F.R. §§ 1.131(b)(1), 50.1, 52.54(a). It is the Rules of Practice rather than the Federal Rules of Civil Procedure, that govern USDA regulatory actions such as this.[2]  See AR 29 (acknowledging that "although many administrative proceedings are governed by the Federal Rules of Civil Procedure, this one is not"); see also 7 Federal Administrative Practice § 7702 (West 2001) (Federal Rules of Civil Procedure "are not binding on the agency unless the agency adopts them"); Fed. R. Civ. P. 1 (specifying that rules govern proceedings in United States district courts); Pacific Gas & Elec. Co. v. FERC, 746 F.2d 1383, 1387 (9th Cir. 1984) (finding federal rules inapplicable in agency proceedings).

---

[2] Obviously, if the Federal Rules of Civil Procedure did apply, this case would not have reached this point.  Rule 55 specifies that default may only be had where a party fails to "plead or otherwise respond."  Fed. R. Civ. P. 55(a).

9

The Rules of Practice differ from the Federal Rules of Civil Procedure in that an answer must be filed within 20 days after the service of the complaint. 7 C.F.R. § 1.136. Section 1.136 specifies the content of the answer and is similar to Rule 8(b) of the Federal Rules of Civil Procedure. It specifies that an answer shall "clearly admit, deny, or explain each of the allegations" and set forth any defenses. Id. Section 1.136 further provides that "[f]ailure to file an answer within the time provided under paragraph (a) of this section shall be deemed, for purposes of the proceeding, an admission of the allegations in the Complaint . . .." Id.

Section 1.139 of the Rules of Practice describes the procedure upon failure to file an answer or admission of facts. It provides, in pertinent part, that:

> The failure to file an answer, or the admission by the answer of all the material allegations of fact contained in the complaint, shall constitute a waiver of hearing. Upon such admission or failure to file, complainant shall file a proposed decision . . . the respondent may file . . . objections thereto. If the Judge finds that meritorious objections have been filed, complainant's Motion shall be denied with supporting reasons. . . . .

7 C.F.R. § 1.139.

The Rules of Practice do not have an equivalent to Rule 12 of the Federal Rules of Civil Procedure. Section 1.143 of the Rules of Practice provides that "[a]ny motion will be entertained other than a motion to dismiss on the pleading." Id. at § 1.143. Last, section 1.147 provides that the "time for the filing of any document or paper required or authorized under the rules in this

10

part to be filed may be extended by the Judge or the Judicial officer . . . if . . . there is good reason for the extension." Id. at § 1.147(f).

### B. Count Three - Lack of Subject Matter Jurisdiction[3]

Lion Raisins argues that because the AMS Complaint was barred by the statute of limitations the JO lacked jurisdiction to act in the case. Lion Raisins asserts that its "motion should be regarded as a permissible motion to dismiss for lack of jurisdiction, specifically for failure to state a claim upon which relief can be granted, rather than as an arguably impermissible motion to dismiss on the pleadings." Pls.' Opp'n at 6. In support of this argument Lion Raisins quotes from EEOC v. Ingersoll Johnson Steel Co., 583 F. Supp. 983, 985 (D. Ind. 1984), in which the court construed a motion for judgment on the pleadings, made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to be a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

This argument lacks merit. First, the Rules of Practice and not the Federal Rules of Civil Procedure governed the case below. Second, Lion Raisins misquotes the Rules of Practice, which prohibit a "motion to dismiss on the pleading" and not, as Lion Raisins asserts, a "motion to dismiss on the pleadings," which Lion Raisins further argues is akin to a motion for judgment on

---

[3] Though neither party moved for summary adjudication of this claim, Lion Raisins sufficiently briefed the issue in its opposition to USDA's motion. See Pls.' Opp'n at 5-7.

11

the pleadings.  Third, even if the Federal Rules of Civil Procedure did apply, the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), to be raised pursuant to Rule 12(b)(6) and is irrelevant to a court's subject matter jurisdiction, which is properly addressed under Rule 12(b)(1). Lion Raisins' argument that a motion pursuant to Rule 12(b)(6) is a "motion to dismiss for lack of jurisdiction, specifically for failure to state a claim upon which relief can be granted" is untenable.

Lion Raisins similarly argues that "a meritorious statute of limitations defense deprives the USDA court of jurisdiction to act, or take any action in the case, except to resolve the statute of limitations defense." Pls.' Resp. to Def.'s UMF No. 6. Again, the case cited by Lion Raisins, Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996), does not support its position. In Barnett, the Federal Circuit determined that, because of a specific jurisdictional statute, the Court of Veteran's Appeals "does not have jurisdiction to consider a claim which it previously adjudicated unless new and material evidence is presented and before the Board may reopen such a claim, it must so find." Id. at 1384. No such statute has been argued to apply here and Barnett is irrelevant.

The ALJ's characterization of the statute of limitations as jurisdictional issue was incorrect.  Affirmative defenses relate to the merits of a case and the JO did not lack jurisdiction on this basis.  Accordingly, the Court will exercise its authority

12

to GRANT summary adjudication *sua sponte* in favor of USDA as to claim three.

### C. Counts One & Two - The Default as a Violation of the APA

Claim one which alleges in part that the entry of the default violates the APA. Claim two alleges that the JO acted arbitrarily and capriciously, abused its discretion and violated Lion Raisins' due process rights when it treated Lion Raisins' motion to dismiss as an insufficient response and entered the default. The parties' papers do not completely distinguish arguments related to claim one from those related to claim two, and, because the relevant issue in both is whether the JO acted properly, the Court will address these claims together.

#### 1. The JO's Decision

The objection Lion Raisins raised in the opposition to the motion for entry of default was that Lion Raisins "timely filed a response to the complaint, and filed it before the December 24, 2002 deadline." AR 14. The ALJ found the objection meritorious "even though mistaken" because such a filing would have been permissible under the Federal Rules of Civil Procedure. AR 50 at 3. The ALJ also found that good cause was shown for allowing Lion Raisins to file its answer because it "would be unjust" to deprive Lion Raisins of a hearing when debarment was at stake.

The JO disagreed and granted the default. The JO relied on the language of the Rules of Practice and on the fact that Lion Raisins was served with a copy of the Rules of Practice and otherwise had notice of the requirement. AR 59 at 14-18. The JO

13

found that the motion to dismiss did not meet the requirements of an answer, that Lion Raisins' failure to file a timely answer was an admission of the allegations in the AMS Complaint and that default was appropriate.  AR 59 at 19.  While the JO noted that Lion Raisins filed a request to file an answer 50 days after the answer was due, the JO did not address the ALJ's determination that "good reason" existed for extending the time in which to file an answer and allowing the answer to be filed.

### 2. Discussion

The Court begins its discussion of these claims by noting that there is a lack of published authority regarding the entry of defaults pursuant to the Rules of Practice both in and out of the Ninth Circuit.[4]  Additionally, other than mentioning the words "arbitrary and capricious," neither party sets forth the appropriate standard of review.  In Kirk v. INS, 927 F.2d 1106, 1108-09 (9th Cir. 1991), the Ninth Circuit reviewed the entry of default in an immigration decision by an ALJ that was upheld by the chief administrative hearing officer ("CAHO").  The court declined to apply the standard of Rule 60 of the Federal Rules of Civil Procedure to the agency's entry of default because "the administrative rules provide[d] a mechanism for vacating default judgment."  Id. at 1109.

Two paragraphs earlier, however, in ruling that "the ALJ did

---

[4] A search of the Ninth Circuit databases in both LEXIS and Westlaw for 7 C.F.R. § 1.136, section 1.136 or rule 1.136 did not reveal a single citation.  A similar search for section 1.139 revealed one unpublished and inapposite case.

14

not err in ordering judgment by default, nor did the CAHO err in affirming that action," the court cited <u>Direct Mail Spec. v. Eclat Computerized Tech.</u>, 840 F.2d 685, 690 (9th Cir. 1988).  <u>Id.</u>  <u>Direct Mail</u> involved the setting aside of an entry of default judgment pursuant to Rule 60.  The only apparent basis for the pinpoint citation in <u>Kirk</u> is the standard for vacating default judgments: "We review the decision of the district court for abuse of discretion."  <u>Direct Mail</u>, 840 F.2d at 690.  More important, the APA itself provides that agency actions may be reversed if shown to be an abuse of discretion.  5 U.S.C. § 706(2)(A).  Thus while Rule 60 of the Federal Rules of Civil Procedure and the principles behind it do not necessarily establish the standard itself, both provide helpful guidelines for determining whether discretion has been abused.

Additionally, unlike the situation in <u>Kirk</u>, 927 F.2d at 1109, the Rules of Practice do not have a "mechanism for vacating default judgment."  The only way to avoid default is to object beforehand; there is no procedural avenue for relief once a default is entered by the JO.  Finally, the Court observes that the "meritorious objections" standard appears consistent with the standard applied by other agencies, which is whether good cause existed for failing to file an answer.

The Court finds the Eighth Circuit case <u>Oberstar v. FDIC</u>, 987 F.2d 494, 504 (8th Cir. 1993),[5] helpful in this matter.  In

---

[5] USDA cites what appears to be one of the decisions that was overruled by the Eighth Circuit in <u>Oberstar</u>, <u>In the Matter of Paul</u>

15

<u>Oberstar</u>, the plaintiff, Oberstar, moved the court to set aside a default that was entered against him pursuant to the FDIC rules despite the fact that he had filed a late answer. At the time the default was entered, Oberstar was in the process of appealing the outcome of another FDIC case against him. The court reversed the default as an abuse of discretion. Stating:

> The judicial preference for adjudication on the merits goes to the fundamental fairness of the adjudicatory proceedings. Fairness concerns are especially important when a government agency proposes to assess a quasi-criminal monetary penalty on a private individual. By entering the default judgment against Oberstar because of his minor deviation from the FDIC's procedural rule, with no showing of prejudice to the agency, the Board unfairly deprived Oberstar of his right to a statutorily mandated hearing. We hold that the Board's application of the FDIC default regulation in this case was an abuse of discretion.

<u>Id.</u> The court further stated that even if it applied the FDIC's regulation, the default was still improper because the reason given for not filing the answer constituted good cause, particularly given that the FDIC commenced a second action against Oberstar while the outcome of the first was still pending. <u>Id.</u>

The Court agrees with the Eighth Circuit that fairness concerns are paramount in cases such as this where quasi-criminal sanctions are imposed. The ALJ based her decision finding the objection meritorious and allowing the late answer on this very premise. As quoted, <u>supra</u>, "[i]t would be unjust for [Lion

---

E. Oberstar, 1992 WL 813099. <u>See</u> Def.'s Reply at 9.

16

Raisins] to suffer such a disproportionately harsh consequence as debarment without an opportunity for a hearing . . .." AR 50 at 4. Further, there a strong preference that cases be decided on their merits whenever possible. O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994). This principle is not rendered irrelevant by the fact that the adjudicatory proceeding is administrative rather than judicial.

Here, the JO, unlike the ALJ, ignored the tenet that cases should be decided on their merits whenever possible and failed to consider the overall fairness of the proceedings given what was at stake. The JO abused his discretion by entering the default judgment against Lion Raisins because of its minor deviation from the Rules of Practice with no showing of prejudice to the USDA. The refusal to allow the late answer similarly deprived Lion Raisins of the hearing to which it was entitled.

There is no indication that, as Lion Raisins' asserted in its request to file its answer, USDA would be prejudiced by allowing the answer to be filed. USDA was made aware of Lion Raisins' intent to defend itself in the matter when it received the motion to dismiss. Having been made aware of this intent, albeit through a technically procedurally ineffective method, USDA cannot possibly claim it would be prejudiced by the denial of the default and allowing the answer to be filed. This is unlike a typical default case, in which prejudice may be found where a party has failed to respond at all. Additionally, the ALJ took judicial notice on her own motion of the fact that all

17

the parties, including herself, were involved in a second matter involving the same issues. The existence of this parallel action, in which Lion Raisins was "defending vigorously," AR 50 at 4, further demonstrates lack of prejudice because, as the ALJ noted, it would be "ludicrous" to contemplate that Lion Raisins would default.[6] Accordingly, there can be no argument that USDA somehow relied to its detriment on Lion Raisins' failure to file an answer.

Also with respect to fairness, the Court notes, but does not base its decision on, that despite the fact that Lion Raisins filed its motion four days (two business days) prior to filing deadline for the answer, USDA did not bring the procedural error to Lion Raisins' attention, but rather leapt at the opportunity to capitalize on the mistake that was made. A party is not, of course, required to instruct an opponent on the applicable procedural rules. However, capitalization on a mere procedural error is wholly offensive to the judicial tenet that cases be decided on the merits.

Moreover, as in Oberstar, the outcome is the same even if the agency's Rules of Practice are applied. As characterized by the ALJ, Lion Raisins was apparently "oblivious" to the fact that the Rules of Practice were the applicable rules and did not allow

---

[6] This is not to imply that filings or occurrences in one action have any effect on those in a related case; the question here is prejudice. USDA was made aware by the motion to dismiss that Lion Raisins intended to defend in the action in addition to being aware that Lion Raisins was defending itself in other cases.

18

for the filing of a motion to dismiss. As both the ALJ and Lion Raisins noted, in nearly any other proceeding before any other adjudicatory body, a motion to dismiss is permissible. While the Court acknowledges that ignorance of the law is generally no excuse, where, as here, it is coupled with a complete lack of prejudice to the opposing party, this mere procedural error constitutes both a meritorious objection to the default as well as good reason for allowing the answer to be filed. The Court finds none of the non-binding authority cited by USDA persuasive on this issue, particularly given the posture, as discussed above. The error made here was, as the ALJ determined, understandable.

Further, in <u>Oberstar</u>, the court characterized the FDIC's filing of a second action while the first was still pending as "unfair harassment" and found the attorney's delay in answering correspondingly understandable 987 F.2d at 504. Similarly, here, as mentioned, there was a second action that was already pending between the parties. It was not unreasonable for counsel for Lion Raisins to attempt to save all parties a procedural step by filing a motion to dismiss based on the statute of limitations, as a finding in Lion Raisins' favor would eliminate the need for further action.[7]

///

---

[7] The Court comments that it appears contrary to all notions of judicial and administrative economy that the USDA apparently decided to bring a second complaint rather than amend its other complaint to add the allegations at issue here.

19

1    Accordingly, because the JO abused his discretion[8] in
2 entering the default, USDA's request for summary adjudication is
3 DENIED and summary adjudication is GRANTED *sua sponte* in favor of
4 Lion Raisins as to the first portion of claim one and as to claim
5 two.  Because the default was inappropriate, the Court need not
6 address the claims related to the imposition of the debarment.
7    **ACCORDINGLY, IT IS ORDERED** that summary adjudication as to
8 claim three is GRANTED in favor of the USDA.
9    **FURTHER**, summary adjudication is GRANTED as to claim two is
10 GRANTED in favor of Lion Raisins and DENIED as to the USDA.
11   **FURTHER**, summary adjudication is GRANTED IN PART as to claim
12 one in favor of Lion Raisins and DENIED IN PART as to the USDA.
13   **FURTHER**, this case is remanded for further proceedings
14 consistent with this order.

16 IT IS SO ORDERED.
17 **Dated:  May 12, 2005**              /s/ Robert E. Coyle
   ia40ij                                UNITED STATES DISTRICT JUDGE

---

[8]  Although the JO abused his discretion, Lion Raisins' attacks on the JO's objectivity are not well taken.  See Pls.' Opp'n at 9:5-9.  None of the cases cited by Lion Raisins involve the JO who decided this case.

20